IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Detrick Stenhouse, #268899, ) | C.A. No. 9:04-23150-HMH-BHH |
| ) | |
| Plaintiff, ) | **OPINION & ORDER** |
| ) | |
| vs. ) | |
| ) | |
| NFN Hughes, Major at Lee Correctional ) | |
| Institution; NFN McDaniels, Corporal in ) | |
| Property Control at Lee Correctional ) | |
| Institution; and J. Driggers, Grievance ) | |
| Coordinator at Lee Correctional Institution, ) | |
| in their own capacity; and J. Driggers, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Detrick Stenhouse ("Stenhouse"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court adopts the Magistrate Judge's Report and Recommendation and grants the Defendants' motion for summary judgment, and denies Stenhouse's motion for appointment of counsel.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

In his complaint, Stenhouse alleges that the Defendants violated his Eighth Amendment rights under the United States Constitution by placing him in "the SMU unit" ("SMU") at Lee Correctional Institution ("LCI") where he was subjected to

> barbarous conditions as [sic] from May 6, 2004 til [sic] June 9, 2004 without anything to wash with or anything to put on I only received towel, washcloth, soap, and toothbrush, toothpaste, and one boxer drawers. I never received any sheets, shower shoes, socks, I could not take showers from 5/6/04 til [sic] I was transferred on 6/9/04.

(Compl. 4.) Stenhouse was placed in SMU for allegedly swallowing razor blades. (Pl.'s Mem. Opp'n Defs.' Summ. J. Ex. 1 (First Grievance).) On September 21, 2005, the Defendants moved for summary judgment. Stenhouse responded to the motion for summary judgment on October 25, 2005. Magistrate Judge Hendricks recommends granting the Defendants' motion for summary judgment because Stenhouse had failed to exhaust his available administrative remedies before bringing his complaint. Further, the Magistrate Judge recommends denying Stenhouse's motion for appointment of counsel.

## II. Legal Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

2

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. Objections to the Report and Recommendation

Stenhouse filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Stenhouse objects that he "tried to exhaust administrative remedies several times but was denied [and] therefore . . . exhausted all available administrative remedies." (Objection 1.) The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

In Porter v. Nussle, the United States Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. 516, 532 (2002). However, the exhaustion requirement is an affirmative defense which the defendants have the burden to plead and prove. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). The Defendants raised Stenhouse's failure to exhaust as an affirmative defense in their answer and moved for summary judgment on this basis. (Ans. ¶ 7; Defs.' Mem. Supp. Summ. J. 1)

However, "[d]efendants may . . . be estopped from raising non-exhaustion as an affirmative defense when prison officials inhibit an inmate's ability to utilize grievance procedures." See, e.g., Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004). "Additionally, exhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from seeking his administrative remedies." Id.

There are no genuine issues of material fact concerning Stenhouse's alleged failure to exhaust his administrative remedies. Stenhouse filed the first grievance June 7, 2004 ("first grievance"), in which he complained of his treatment while in SMU. The first grievance was returned unprocessed because Stenhouse improperly included multiple issues on the grievance form, which the form expressly prohibits. (Pl.'s Mem. Opp'n Defs.' Summ J. Ex. 1 (First Grievance).) Under the heading "ACTION TAKEN BY ICG" on the unprocessed grievance, the South Carolina Department of Corrections ("SCDC") informed Stenhouse that he had seven days to resubmit the first grievance. (Id.) There is no evidence that Stenhouse resubmitted his grievance. However, on July 19, 2004, Stenhouse filed a complaint with the

Administrative Law Court ("ALJ") alleging that the SCDC failed to process the first grievance. (Id. Ex. 5 (ALJ's Order).)

On August 17, 2004, the ALJ found that Stenhouse had improperly alleged multiple issues in the first grievance and remanded the case to SCDC to allow Stenhouse to submit a grievance in proper form. (Id. Ex. 3 (ALJ's Remand Order).) On August 18, 2004, Stenhouse filed a second grievance ("second grievance"), which the SCDC refused to process because Stenhouse failed to file his grievance within 15 days of the alleged incident. (Id. Ex. 2 (Second Grievance).) Stenhouse did not appeal the second grievance to the Warden or the ALJ, and there is no evidence that Stenhouse was prevented from appealing the response of the SCDC with respect to his second grievance. (Objection 1.) Based on the foregoing, the court finds that the Defendants have established that Stenhouse did not exhaust his available administrative remedies. Further, there is no evidence that the actions of the Defendants have rendered the administrative remedies unavailable to him. Instead, the evidence is conclusive that Stenhouse failed to follow proper procedures and deadlines in grieving his claims. Therefore, this objection fails, and the Defendants are entitled to summary judgment.

In addition, Stenhouse objects to the Magistrate Judge's recommendation to deny his motion for appointment of counsel. Stenhouse argues that the court should appoint him counsel because he suffers from depression and stress. (Objections 3.) The court finds that Stenhouse's alleged depression and stress do not constitute exceptional circumstances warranting appointment of counsel. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975) (noting that the court has discretion to appoint counsel for an indigent in a civil case in exceptional cases). Therefore, after a thorough review of the Report and the record in this

case, the court adopts the Magistrate Judge's Report and Recommendation and dismisses this action without prejudice.

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, document number 18, is granted, and the action is dismissed without prejudice. It is further

**ORDERED** that Stenhouse's motion for the appointment of counsel, document number 15, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
March 21, 2006

### NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.